### WILLIAMS and others *vs.* LAWRENCE and others.

Where part owners of a vessel then under a charter to a foreign government, assigned to the plaintiffs all their interest in said charter, and in and to the freight to be earned under the same; *Held*, in an action brought by the plaintiffs to recover their share of the freight earned by the vessel, during the last voyage, that such freight was subject to an accounting between the several co-owners, for all previous voyages; it appearing that the former voyages and the one in question were all one entire, connected and continued partnership transaction. And that the rights of the plaintiffs, as assignees, were only in and to the balance, which on a settlement of the accounts of said several voyages, between said co-owners, might be found due to the plaintiffs as such assignees.

ON the 20th day of December, 1859, Howes & Co. who were owners of one half the ship *Wanderer*, then under a charter to the Peruvian government to go to the Chincha Islands, take on a cargo of guano, and carry the same to Hampton Roads, assigned to the plaintiffs all their interest in the said charter, and in and to the freight to be earned under the same, to be applied, when received by the plaintiffs, to the payment of a demand they held against Howes & Co. as ship's husbands for supplies before that time furnished the *Wanderer*. This indebtedness at the time amounted to $15,000. The freight was earned under the charter after the assignment, and amounted to $11,074.13 net. This money was deposited with Charles L. Benedict to be disposed of according to the rights of the several parties, to be established. The other defendants represent the other part owners of the ship. The action was brought to recover the one half of the net freight, being the fund in the hands of Mr. Benedict.

The defense interposed was that at the time of the assignment Howes & Co. as part owners and ship's husbands, were indebted to their co-owners on account of prior voyages performed in the years 1856, 1857 and 1858, in an amount exceeding the half of the net freight realized under the Peruvian charter.

The referee before whom the cause was tried, decided

that the freight earned by the last voyage was subject to an accounting between the part owners for all previous voyages, and that as such accounting would show a balance against Howes & Co. to an amount greater than half the net freight in question, nothing passed to the plaintiffs by the assignment, and ordered judgment for the defendants, from which the plaintiffs appealed to the general term.

*Erastus Cooke,* for the appellants. I. The right of a part owner of a ship is not that of a partner or joint tenant, but of a tenant in common. The rights of the part owners are several. (*Merrill* v. *Bartlett,* 6 *Pick.* 46. *Abbott on Shipping,* 107, *marg. p.*)

II. Neither are the part owners partners generally in the earnings of the ship. Each voyage is a distinct and independent partnership venture unconnected with any other, and no claim growing out of, or balance of accounts upon any voyage gives the creditor a lien upon the debtor's interest in a subsequent voyage. This doctrine is distinctly held in *Nicoll* v. *Mumford,* 4 *John. Ch.* 522.) The note to this case is as follows: "But when one joint owner of the freight and cargo of a particular vessel, on a particular voyage, assigns his interest therein, one of them who has got possession of the whole proceeds cannot retain the share so assigned to satisfy claims he may have against the other arising from former and distinct voyages or adventures in which they may have been concerned together in the same or other vessels, they not being general partners in trade, and there not being any connection between the different voyages or adventures." (*See also Story on Part.* §§ 441, 444, 448; 3 *Kent's Com.* 155, 5th ed.; *Braden* v. *Gardner,* 4 *Pick.* 456.)

III. The plaintiffs, who were mortgagees of the one half interest in the ship, bought out the interest of Howes &

Co. in the guano charter before the freight was earned. It was earned by the plaintiffs and the defendants as copartners, and one half the profits of the venture belonged to the plaintiffs, and they were entitled to a judgment for that amount.

IV. If it were true that the part owners were copartners in the general management and earnings of the ship, then we claim that the plaintiffs, having furnished supplies and made advances for the *Wanderer* for the benefit of the owners as such copartners, have a legal claim against them for the amount which, in equity, attaches as a lien upon the fund in question. In any event the plaintiffs were entitled to recover, and the judgment ought to be reversed, and a new trial granted.

*E. C. Benedict,* for the respondents. I. All the part owners constitute in law but one owner, as to the rights in action relating to the ship. All must be joined as plaintiffs and as defendants. Their contracts are joint contracts. They are liable *in solido.* (*Story on Partnership,* §§ 454, 455.) And they are only liable as between each other to an action or bill for an account between them all as to all the earnings and profits of the ship. (*Id.* § 454.) Although their ownership of the ship is not a joint or partnership ownership, still, as to the earnings, disbursements and profits of the business of the ship they are, to all intents and purposes, partners, and the earnings are partnership property.

II. Hence, one part owner cannot assign his share of the earnings, so as to prejudice the right of the other owner to a full account and settlement, and to the application of his share to the payment to them of their full share of the whole earnings. Much less can he do this when he is also ship's husband, and acts as trustee for all the owners; and still less will any such assignment prevail against the rights of the other owners, when the assign-

Williams *v.* Lawrence.

ment is made to secure a precedent debt. Still less when the assignment does not purport to convey any thing but his interest in the charter and freight. His only interest is in any balance which may be due him after all the ship's accounts are settled as between him and the other owners. Still less when the assignment is only as a security; an assignment by way of mortgage, to secure such old debt.

III. In this case, Howes & Co. were ship's husbands, and had no interest whatever in this freight. They are largely in arrears to the other owners, even after applying this whole freight to the reduction of the balance against Howes & Co. on the ship's accounts. The ship had made several previous voyages, the earnings of which had been received by Howes & Co. partners and ship's husbands of the ship, a large portion of which they had not paid over to their co-owners, so that at the time of making the charter under which the freight now in question was earned, Howes & Co. owed to the other owners, on account of the earnings of the ship, $27,037.32, and being thus indebted, they assigned "all their interest" in the charter and freight to the plaintiffs "to secure an old debt due by them (Howes & Co.) to the plaintiffs. This action is brought on that assignment, to recover from the other owners the whole freight earned on that charter, leaving them to sustain an entire loss of the balance, $27,037.32, and this $11,074.13 besides.

IV. The plaintiffs have not shown any right, legal or equitable, to any portion of the freight. They make no claim except through that assignment. That assignment only put them in the place of Howes & Co. It gave them no better right than Howes & Co. had; but Howes & Co. could never have asserted a right to any portion of this freight as against the other owners, to whom they were already so deeply indebted on the partnership accounts, of which this freight made a part.

Williams *v.* Lawrence.

*By the Court,* GEO. G. BARNARD, J.   The plaintiffs, by their assignment from Howes & Co. got no other or greater right than Howes & Co. would have had if no assignment had been made, as against the co-owners of the vessel. The assignment was given by Howes & Co. by way of mortgage to the plaintiffs to secure a precedent debt, and only purported to convey the interest of Howes & Co. in the charter.   It is not disputed but that Howes & Co. at the time of the assignment were largely indebted to the other co-owners for the earnings of the vessel on previous voyages.   There is no pretense that the former voyages were carried on upon any different principle or understanding than the voyage in question.   The former voyages and the voyage in question were all one entire, subsisting, connected and continued partnership transaction.   In *Nicoll* v. *Mumford,* (4 *John. Ch.* 522,) there was proof that shortly before the voyage then in question, the ownership of the vessel was different from the ownership existing at commencement of the voyage.   The chancellor held that there was no necessary connection between one voyage and any former voyage, and under the facts of that case, that proof of such connection should have been given.   There is no doubt in this case but that as to all former voyages an account is to be taken as between partners, in respect to the freight and cargo.   The interest of each partner is his share of the surplus, subject to all partnership accounts, and that interest is surplus only and is liable to the separate creditors of such parties claiming either by assignment or under execution.   No separate creditor of one party can be entitled to more than the person in whose place he stands.   (*Nicoll* v. *Mumford,* 4 *John. Ch.* 522.)   It follows that the judgment is right, and should be affirmed, with costs.

[NEW YORK GENERAL TERM, January 4, 1869.   *Clerke, Sutherland* and *Geo. G. Barnard,* Justices.]